IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                          1:14-cr-01128-JCH-1

LAWRENCE MARTINEZ,

    Defendant.

## ORDER DENYING DEFENDANT'S
## MOTION FOR RELEASE FROM CUSTODY

THIS MATTER is before the Court on defendant Lawrence Martinez's Opposed Motion for Release to Third-Party Custodian, filed April 9, 2021. Doc. 92. The Court will deny Mr. Martinez's motion for the following reasons.

On October 11, 2019, the Court issued an arrest warrant for Mr. Martinez based on a petition for revocation of supervised release that alleged that Mr. Martinez had absconded from supervision, failed to participate as directed in his outpatient substance abuse treatment program, and had submitted a urine sample that tested positive for amphetamines. Doc. 71. Mr. Martinez was finally arrested more than a year later, in early January, 2021. *See* Docket entry dated Jan. 4, 2021. During the course of his arrest, law enforcement officers found a gun in Mr. Martinez's possession. *See* Doc. 90 at 2. The United States charged Mr. Martinez with being a felon in possession of a firearm, *see* Case No. 1:21-cr-00321-JCH-1, and the petition for revocation was amended to reflect this additional charge, *see* Doc. 89.

At his detention hearing on the petition for revocation, Mr. Martinez waived his detention hearing, and the Court ordered him detained because he had failed to establish by clear and

convincing evidence that he is nether a flight risk nor a danger to the community.  *See* Docs. 83, 86.  Mr. Martinez now seeks release to an inpatient drug treatment program to address his substantial addiction issues.  *See* Doc. 92.  But his motion fails to show by clear and convincing evidence that if Mr. Martinez is released to an inpatient drug treatment program, he will not flee or pose a danger to the community.  *See* Fed. R. Crim. P. 32.1(a)(6) (defendant bears the "burden of establishing by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community").

Mr. Martinez apparently absconded from supervision in this case for more than a year.  When he finally was arrested, he had a gun in his possession.  While Mr. Martinez was under supervision, his probation officer attempted to work with him to address his severe addiction to methamphetamine—including getting him on the waitlist for an inpatient treatment program—but he stopped responding to his probation officer's attempts to contact him.  *See* Doc. 90 at 1.  His criminal history includes his conviction in this case, which was possession with intent to distribute methamphetamine.  *See* Doc. 90-1 at 4.  The United states agreed to dismiss two related gun charges as part of his plea agreement.  *See id.*  His criminal history also includes convictions for aggravated battery with a deadly weapon causing great bodily harm, auto burglary, and unlawful taking of a motor vehicle.  *See id.*  Nothing in Mr. Martinez's motion addresses how the proposed inpatient drug treatment program will assure that Mr. Martinez won't simply walk away from the program and commit more crimes.  *See* Doc. 92.  Mr. Martinez has failed to show by clear and convincing evidence that he is neither a flight risk nor a danger to the community.

**IT IS THEREFORE ORDERED** that defendant Lawrence Martinez's Opposed Motion for Release to Third-Party Custodian (Doc. 92) is **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE